IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BINYAMIN EL, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:18CV328 |
| v. | ) | |
| | ) | **MEMORANDUM** |
| JAMES P. BEGLEY and TIM CAVANAUGH, | ) | **AND ORDER** |
| Defendants. | ) | |

After granting Plaintiff leave to proceed in forma pauperis, the court now conducts an initial review of Plaintiff's Complaint and its Supplements (Filing Nos. 1, 7, 8) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that Defendants, who are apparently affiliated with the Metropolitan Utilities District ("M.U.D.") in Omaha, Nebraska, have illegally charged him for his use of natural resources. Plaintiff claims that as an "indigenous people," he has an inherent right to use the land and its resources without payment, and it is "an act of war and theft of birthrights against the indigenous peoples of the land" to charge for such use. (Filing No. 1 at CM/ECF p. 4.)

Plaintiff requests that Defendants forgive what he owes on his M.U.D. account before the next due date in order "to prevent shut-off of natural resources." (*Id*.) Attached to Plaintiff's Complaint is an account statement addressed to "Nicole L Draper" from M.U.D. showing a balance of $596.00. (Filing No. 1 at CM/ECF pp. 6-7.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Subject-matter jurisdiction is also proper under 28 U.S.C. §§ 1331 when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Under this type of jurisdiction, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law" in order to bring a claim under 42 U.S.C. § 1983. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff's allegations that he should not be required to pay his utility bills fails to establish that this court has jurisdiction over his claim. Therefore, Plaintiff's Complaint must be dismissed without prejudice for lack of subject-matter jurisdiction without leave to amend because amendment of his Complaint would be futile. *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (district court may deny leave to amend when amendment would be futile); Fed. R. Civ. P. 12(h)(3).

IT IS ORDERED:

1. This case is dismissed without prejudice for lack of subject-matter jurisdiction;

2. Defendants' Motion to Dismiss (Filing No. 9), which was filed before the court completed its initial review under 28 U.S.C. § 1915(e)(2) and before service of process was ordered, is denied as moot; and

3. Judgment shall be entered by separate document.

DATED this 22nd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge